**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000698
29-MAY-2020
08:05 AM**

NO. CAAP-18-0000698

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DANIEL W. IRELAND, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DCW-17-0000090)
(CASE NO. 3DCW-18-0001236)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Daniel W. Ireland (**Ireland**) appeals from a Judgment and Notice of Entry of Judgment (**Judgment**) in Case No. 3DCW-17-0000090,[1] filed on August 16, 2018, by the District Court of the Third Circuit, South Kohala Division (**District Court**).[2]  The District Court convicted Ireland of three counts of Terroristic Threatening in the Second Degree (**TT2**), in

---

[1]  Ireland also appealed from a Judgment and Notice of Entry of Judgment entered on August 16, 2018, in Case No. 3DCW-18-0001236, but does not raise any issues on appeal regarding this judgment.  We therefore need not address the judgment in Case No. 3DCW-18-0001236.

[2]  The Honorable Bruce Larson presided.

violation of Hawaiʻi Revised Statutes (**HRS**) § 707-717.[3]  The complainant in Count 2 was KI, a minor, the complainant in Count 3 was LW, a minor, and the complainant in Count 4 was CA, a minor (collectively referred to as **Complainants**).[4]

The charges stem from a verbal altercation between Ireland and the Complainants in and near a park pavilion, where the Complainants were skateboarding and playing music on a speaker while Ireland was on his cell phone.  Ireland is alleged to have told the Complainants that he would shoot them with a gun or rifle that he had in his nearby van.  Ireland argues the District Court wrongly convicted him based on insufficient evidence that he made a "true threat."

We affirm the Judgment.

In reviewing Ireland's conviction for sufficiency of the evidence, we consider the evidence adduced in the trial court in the strongest light for the prosecution, and "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted).

To establish that Ireland committed TT2, the State was required to prove beyond a reasonable doubt that Ireland threatened, by word or conduct, to cause bodily injury to

---

[3]  HRS § 707-717(1) (2014) provides: "A person commits the offense of [TT2] if the person commits terroristic threatening other than as provided in section 707-716."

Further, HRS § 707-715 (2014) defines terroristic threatening by stating, in relevant part:

> A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:
> (1)   With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person; . . . .

[4]  The District Court dismissed Count 1 with prejudice.

Complainants in reckless disregard of the risk of terrorizing them.  See HRS §§ 702-206(3) (2014), 707-715, and 707-717(1).  In other words, the State was required to prove, under the circumstances presented: Ireland's statement that he was going to shoot Complainants with a gun he had in his van (the conduct element); bore the attributes of a "true threat" (the attendant circumstances element); and Ireland recklessly disregarded the risk that his remarks would terrorize Complainants (the requisite state of mind).  See In re PP, 133 Hawaiʻi 235, 240, 325 P.3d 647, 652 (App. 2014).

To prove a true threat, "the prosecution must prove beyond a reasonable doubt that the alleged threat was objectively capable of inducing a reasonable fear of bodily injury in the person at whom the threat was directed and who was aware of the circumstances under which the remarks were uttered."  State v. Valdivia, 95 Hawaiʻi 465, 476, 24 P.3d 661, 672 (2001).

CA testified that Ireland was really mad and aggressive and cussed at him and his friends.  While the boys packed up their things, Ireland continued cussing and complaining and then said he had a gun in his van and would shoot them.  CA was about four feet away from Ireland and scared.  He believed Ireland actually would shoot them.  Ireland said if they tried to run away, he could shoot them while they ran because his gun had a scope on it.  Ireland took a few steps toward his van, as if to threaten them.  This made CA more scared because Ireland was serious, and CA believed Ireland was actually "capable of doing it."  The boys stopped and said, "No, no, no" and quickly walked away.

LW testified that Ireland was mad and yelled and swore at Complainants.  Ireland was standing about ten to fifteen feet away when he said he would go to his van to grab a gun and shoot them.  Ireland turned around and started walking toward his van,

and the boys got "super scared" and "freaked out."  LW believed Ireland was going to go to the van and shoot them.  Ireland said "don't even try to run" because the rifle in his van had a scope and he could still shoot them.  The boys were scared.  The distance between the pavilion and van was about equal to the distance between home plate and first base [on a baseball field].  The boys went home.

KI testified that Ireland was angry and told them to leave now.  The boys started to leave, and Ireland said, "If you don't leave then I have a rifle in my van with a scope on it, and I will shoot you if you try to run."  KI took this to mean Ireland would shoot them whether they left or not, and he could shoot them if they left because he had a scope on his rifle.  Ireland started walking toward his van.  KI felt threatened, like Ireland was really going to shoot him and his friends.  Ireland got close to the van, and the boys were so scared, they ran to LW's house.

Ireland points out that there was no evidence he had a gun in his hand, and Officer Nagata did not see a reason to apply for a warrant or ask for consent to search Ireland or the van for firearms.  However, the State did not have to prove that Ireland could actually carry out his threat.  "It is not a material element of terroristic threatening that defendant means what he says by his threat; it is the utterances themselves that are material."  State v. Chung, 75 Haw. 398, 407 n.6, 862 P.2d 1063, 1068 n.6 (1993).

Ireland notes that the van was at least a few yards away from the pavilion and he stopped walking toward it when Complainants said "No."  However, imminency "can be established by means other than proof that a threatening remark will be executed immediately, at once, and without delay."  Valdivia, 95 Hawaiʻi at 477, 24 P.3d at 673.  It was sufficient for the State to "establish that the defendant possessed the apparent ability

4

to carry out the threat, such that the threat would reasonably tend to induce fear of bodily injury in the victim."  Id. (internal quotation marks, ellipsis, and citation omitted).  The Complainants testified that Ireland had threatened the ability to shoot them even as they walked or ran away, given that his gun had a scope.

Ireland argues that the evidence was insufficient to show that his threat scared Complainants.  He points out that LW testified that Complainants did not think Ireland was serious at first and continued skateboarding.  Ireland also maintains that he did not exhibit any physical aggressiveness, whereas Complainants approached him in the pavilion, played their music loudly, and jumped with their skateboards on and off the table where he was sitting.

To the contrary, Complainants testified that Ireland approached the pavilion after they had started skateboarding there, Ireland became mad or angry, and Complainants became very scared when Ireland started to walk toward his van because it showed he was serious about shooting them.  "[W]e give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact."  In re PP, 133 Hawaiʻi at 239, 325 P.3d at 651.

Ireland argues that he did not convincingly express an intention of carrying out his threat and maintains that it was no more than an expression of anger and frustration, made without any intention or belief that it would be taken literally or seriously.  However, as discussed, the State did not need to show that Ireland intended to terrorize Complainants, only that he recklessly disregarded the risk that his remarks would do so. See HRS § 707-715.

5

Therefore, IT IS HEREBY ORDERED that the August 16, 2018 Judgment and Notice of Entry of Judgment, in Case No. 3DCW-17-0000090, entered by the District Court of the Third Circuit, South Kohala Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 29, 2020.

On the briefs:

Melanie R. Ragmat,
Deputy Public Defender,
Office of the Public Defender,
for Defendant-Appellant.

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge